Matthew R. Bainer, Esq. (S.B. #220972)
Hannah R. Salassi, Esq. (S.B. #230117)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
Email: mbainer@scalaw.com
Email: hsalassi@scalaw.com
Web: www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Class

Dominic J. Messiah, Esq. Bar No. 204544
Matthew J. Sharbaugh, Esq. Bar No. 260830
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA 90067
Telephone: 310-553-0308
Fax: 310-553-5583

Attorneys for Defendant
Nordstrom, Inc.

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| FAINE DAVIS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NORDSTROM, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | **Case No. 4:11-CV-3956-CW**<br><br>**PUTATIVE CLASS ACTION**<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT** |

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Representative Plaintiff Faine Davis ("Plaintiff"), individually, and on behalf of all others similarly situated, and Defendant Nordstrom, Inc. ("Defendant"), by and through their respective counsel of record, hereby agree and stipulate as follows:

WHEREAS, on August 11, 2011, Plaintiff filed her Complaint for Damages with this Court, asserting the following alleged claims for relief: (1) Unlawful Failure to Pay Overtime Wages; (2) Failure to Provide Meal and Rest Periods; (3) Failure to Provide Accurate Wage Statements; (4) Failure to Pay Wages on Termination; and (5) Unfair Business Practices under the Unfair Competition Act.

WHEREAS, on September 16, 2011, Nordstrom filed a Motion to Compel Arbitration of Plaintiff's alleged claims;

WHEREAS, on September 30, 2011, Plaintiff filed her Opposition to Nordstrom's Motion to Compel Arbitration, and Nordstrom subsequently filed its Reply brief on October 7, 2011;

WHEREAS, on October 18, 2011, the Court issued an Order finding this case related to a another pending case, *Algee v. Nordstrom, Inc.*, Case No. 11-1301 CW, and set new briefing deadlines on Nordstrom's Motion to Compel Arbitration;

WHEREAS, on October 28, 2011, the Court issued a Minute Order granting Nordstrom's Administrative Motion Requesting Clarification, confirming that "no additional briefing [was] necessary on the Motion to Compel Arbitration;

WHEREAS, on October 31, 2011, Plaintiff filed an Administrative Motion for Leave to File a Sur-reply; Nordstrom timely opposed that Motion, and to date, the Court has not issued any ruling concerning Plaintiff's request for a Sur-reply;

WHEREAS, on November 28, 2011, the Court continued the hearing on Nordstrom's Motion to Compel Arbitration from December 8 to December 15, 2011, on its own Motion;

WHEREAS, on December 7, 2011, the Court granted the Parties' Stipulation to continue the hearing date on Nordstrom's Motion until December 22, 2011, which remains set for hearing on that date;

WHEREAS, Plaintiff seeks to file a First Amended Complaint to add claims for relief under California's Private Attorneys' General Act ("PAGA");

WHEREAS, Plaintiff sent a letter through to the California Labor and Workforce Development Agency ("LWDA") on or around November 11, 2011;

WHEREAS, Plaintiff agrees she will not seek to file any additional briefing on Nordstrom's Motion to Compel Arbitration based upon the addition of any PAGA claims, except that Plaintiff reserves the right to address the issue through any Sur-reply that may yet be permitted by the Court;

WHEREAS, Plaintiff agree she will not seek any postponement or continuance of the hearing on Nordstrom's Motion to Compel Arbitration;

WHEREAS, in exchange for Plaintiff's agreement not to seek additional briefing concerning PAGA claims in opposing Nordstrom's Motion to Compel Arbitration, Nordstrom agrees and stipulates to the filing of Plaintiff's First Amended Complaint without waiving any defenses and/or arguments it may have in substantive opposition thereto.

**THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the Parties, through their respective counsel of record, as follows:

1. The Parties stipulate and agree that Plaintiff can file her First Amended Complaint to add additional claims under the Private Attorneys' General Act ("PAGA"), and subject to the approval of the Court, the proposed First Amended Complaint shall be in the form attached hereto as Exhibit "A."

2. Nordstrom expressly does not waive any defenses and/or arguments it may have in substantive opposition to any potential PAGA claims asserted by Plaintiff.

3. Plaintiff agrees that she will not seek to file any additional briefing in opposition to Nordstrom's Motion to Compel Arbitration based upon the addition of any potential PAGA claims, except that Plaintiff reserves the right to address the issue through any Sur-reply that may yet be permitted by the Court. Plaintiff further agrees she will not seek any postponement or continuance of the December 15, 2011 hearing on said motion based on her new PAGA claims.

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**IT IS SO STIPULATED.**

Dated: December 15, 2011

**SCOTT COLE & ASSOCIATES, APC**

By: /s/ Hannah R. Salassi
Hannah R. Salassi, Esq.
Attorneys for the Representative Plaintiffs and the Plaintiff Class

Dated: December 15, 2011

**LITTLER MENDELSON, P.C.**

By: /s/ Matthew J. Sharbaugh
Matthew J. Sharbaugh, Esq.
Attorneys for Defendant
Nordstrom, Inc.

**~~[PROPOSED]~~ ORDER**

**UPON GOOD CAUSE APPEARING, AND PURSUANT TO THE STIPULATION BETWEEN PARTIES, THE COURT HEREBY ORDERS AS FOLLOWS:**

Leave is hereby Granted for Plaintiff to file their First Amended Complaint upon entry of this Order.

**IT IS SO ORDERED.**

Dated: 12/16/2011

Honorable Claudia Wilken
United States District Judge

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

# EXHIBIT A

Matthew R. Bainer, Esq. (S.B. # 220972)
Hannah R. Salassi, Esq. (S.B. #230117)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
E-mail: mbainer@scalaw.com
E-mail: hsalassi@scalaw.com
Web: www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| FAINE DAVIS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NORDSTROM, INC.,<br><br>Defendant. | **Case No. CV-11-3956 CW**<br><br>**<u>CLASS ACTION</u>**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION**<br><br>**[DEMAND FOR JURY TRIAL]** |

Representative Plaintiff alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a class action, brought on behalf of Faine Davis (hereinafter "Representative Plaintiff") and all other persons similarly situated ("Class Members") who are or were employed as salaried Department Managers by defendant Nordstrom, Inc. ("Defendant" and/or "Nordstrom") in any Nordstrom retail location in California within the applicable class period. The Representative Plaintiff, on behalf of herself and the Class Members, seeks unpaid wages, including unpaid overtime compensation, compensation for missed meal and rest periods, interest thereon and other penalties, injunctive and other equitable relief, and reasonable

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

attorneys' fees and costs under, inter alia., Title 8 of the California Code of Regulations, California Business and Professions Code §§17200, *et seq.*, California Code of Civil Procedure §1021.5, and various provisions of the California Labor Code.

2. The Class Period is designated as the time from August 11, 2007 through the date of trial or settlement, based upon the allegation that the violations of California's wage and hour laws, as described more fully below, have been ongoing throughout that time.

3. During the Class Period, Nordstrom has had a consistent policy of (1) permitting, encouraging and/or requiring its allegedly overtime-exempt salaried Department Managers, including the Representative Plaintiff and Class Members, to work in excess of eight hours per day and in excess of forty hours per week without paying them overtime compensation as required by California's wage and hour laws, (2) unlawfully failing to provide the Representative Plaintiff and Class Members statutorily-mandated meal and rest periods, and (3) willfully failing to provide the Representative Plaintiff and the Class Members with accurate semi-monthly itemized wage statements reflecting the total number of hours each worked, the applicable deductions, and the applicable hourly rates in effect during the pay period.

4. In addition, Representative Plaintiff alleges, on information and belief, that Nordstrom has had a consistent policy of willfully failing to pay compensation (including unpaid overtime) in a prompt and timely manner to certain Class Members whose employment with Nordstrom has terminated.

**INTRODUCTION**

5. Nordstrom Inc. is a publically traded company on the New York Stock Exchange whose principal activity is operating retail stores which offer various forms of merchandise, including clothing, accessories, handbags, jewelry, cosmetics, fragrances and home furnishings. In 2009, Nordstrom reported over 8 billion dollars in revenue.

6. Nordstrom operates more than 450 retail stores across the nation, including the one in which Representative Plaintiff worked as a Department Manager. The Representative Plaintiff is informed and believes and, on that basis, alleges that within the Class Period,

Nordstrom employed numerous individuals in California in recent years who occupied salaried Department Manager positions at Nordstrom retail locations in California, employment positions which did not, and currently do not, meet any known test for exemption from the payment of overtime wages and/or the entitlement to meal or rest periods.

7. Despite actual knowledge of these facts and legal mandates, Nordstrom has and continues to enjoy an advantage over its competition and a resultant disadvantage to its workers by electing not to pay premium (overtime, meal and rest period wages) and/or "penalty" (a.k.a. "waiting time") wages to its Department Managers at its California retail locations.

8. Representative Plaintiff is informed and believes and, based thereon, alleges that officers of Nordstrom knew of these facts and legal mandates yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

9. Despite Nordstrom's knowledge of Class Members' entitlement to overtime pay and meal and/or rest periods for all applicable work periods, Nordstrom failed to provide the same to the Class Members thereof, in violation of California state statutes, the applicable California Industrial Welfare Commission Wage Order, and Title 8 of the California Code of Regulations. This action is brought to redress and end this long-time pattern of unlawful conduct once and for all.

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over the Representative Plaintiff's and Class Members' claims for unpaid wages and/or penalties under, *inter alia*, the applicable California Industrial Welfare Commission Wage Order, Title 8 of the California Code of Regulations, California Labor Code §§ 201-204, 226.7, 510, 512, 1194, 1198, 2699, California Code of Civil Procedure § 1021.5, and 28 U.S.C. § 1332(d)(2)(A). In addition, the amount in controversy exceeds $5,000,000, exclusive of interest and costs. Therefore, this Court has original jurisdiction under 28 U.S.C. § 1332(a).

11. This Court also has jurisdiction over Representative Plaintiff's and Class Members' claims for injunctive relief and restitution of ill-gotten benefits arising from

Nordstrom's unfair and/or fraudulent business practices under California Business & Professions Code § 17200, *et seq.*

12. Venue as to Defendant is proper in this judicial district, pursuant to 28 U.S.C. § 1391. Defendant maintains stores in the Northern District of California and transacts business, has agents, and is otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on the Representative Plaintiffs and those similarly situated within this judicial district. Nordstrom operates said facilities and has employed numerous Class Members in this judicial district as well as throughout the State of California.

**PLAINTIFF**

13. Representative Plaintiff Faine Davis is a natural person who has been employed as a Department Manager at Nordstrom stores located in Glendale, Los Angeles and Redondo Beach, California, during the Class Period. Representative Plaintiff is currently employed as a Department Manager at the Nordstrom store located in the South Bay Galleria in Redondo Beach, California.

14. As used throughout this Complaint, the term "Class Members" refers to the Representative Plaintiff herein as well as each and every person eligible for membership in the class of persons as further described and defined herein.

15. At all times herein relevant, the Representative Plaintiff was and is now a person within the class of persons further described and defined herein.

16. The Representative Plaintiff bring this action on behalf of herself and as a class action, pursuant to California Code of Civil Procedure §382, on behalf of all persons similarly situated and proximately damaged by the unlawful conduct described herein.

///

///

///

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**DEFENDANT**

17. At all times herein relevant, Nordstrom was and is a Washington corporation with retail locations located within this judicial district and across California.

18. Representative Plaintiff is informed and believes and, on that basis, alleges that Nordstrom has, and does, directly and/or indirectly employed and/or exercised control over the wages, hours and working conditions of the Representative Plaintiff and the Class Members.

**CLASS ACTION ALLEGATIONS**

19. Representative Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated and proximately damaged by Nordstrom's conduct including, but not necessarily limited to, the following Plaintiff Class:

> "All persons who were employed as Department Managers by Defendant in one or more of its Nordstrom retail locations in California at any time on or after August 11, 2007"

20. Nordstrom, its officers, and directors are excluded from the Plaintiff Class.

21. This action has been brought and may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable:

a. Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Class are so numerous that joinder of all members is impractical, if not impossible, insofar as Representative Plaintiff is informed and believes and, on that basis, alleges that there are sufficient Class Members to meet the numerosity requirement. Membership in the Class will be determined upon analysis of employee and payroll, among other, records maintained by Nordstrom.

b. Commonality: The Representative Plaintiff and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

1) Whether defendant Nordstrom violated IWC Wage Order and/or Labor Code §510 by failing to pay overtime compensation to its salaried Department Managers who worked in excess of forty hours per week and/or eight hours per day;

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

2) Whether defendant Nordstrom violated California Business and Professions Code §17200, *et seq.* by failing to pay overtime compensation to its salaried Department Managers who worked in excess of forty hours per week and/or eight hours per day;

3) Whether defendant Nordstrom violated California Labor Code §1174 by failing to keep accurate records of employees' hours of work;

4) Whether defendant Nordstrom violated California Labor Code §§201-204 by failing to pay overtime wages due and owing at the time that certain Class Members' employment with Defendant terminated;

5) Whether defendant Nordstrom violated California Labor Code §226 by failing to provide the semimonthly itemized statements to Class Members of total hours worked by each and all applicable hourly rates in effect during the pay period; and

6) Whether Class Members are entitled to "waiting time" penalties, pursuant to California Labor Code §203.

c. Typicality: The Representative Plaintiff's claims are typical of the claims of Class Members. The Representative Plaintiff and Class Members sustained damages arising out of and caused by Defendants' common course of conduct in violation of law, as alleged herein.

d. Superiority of Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought, or be required to be brought, by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

e. Adequacy of Representation: The Representative Plaintiff in this class action is an adequate representative of the Plaintiff Class in that the Representative Plaintiff's claims are typical of those of the Plaintiff Class and the Representative Plaintiff has the same interest in the litigation of this case as the Class Members. The Representative Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel who are experienced in conducting litigation of this nature. The Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to Class Members as a whole. The Representative Plaintiff anticipates no management difficulties in this litigation.

**COMMON FACTUAL ALLEGATIONS**

22. As described herein, for years Nordstrom has knowingly failed to adequately compensate those employees within the class definition identified above for all wages earned

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

(including premium wages such as overtime wages and/or compensation for missed meal and/or rest periods) under the California Labor Code and the applicable IWC Wage Order, thereby enjoying a significant competitive edge over other retailers.

23. Nordstrom has declined to pay these wages, even upon a Class Member's termination or resignation from employment, in blatant violation of California Labor Code §201 and/or §202.

24. California Labor Code §§201 and 202 require Defendant to pay severed employees all wages due and owed to the employee immediately upon discharge or within 72 hours of resignation of their positions, in most circumstances. California Labor Code §203 provides that an employer who willfully fails to timely pay such wages must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, and the payment of such penalty shall continue for a period of time up to 30 days.

25. Furthermore, despite its knowledge of the Representative Plaintiff' and the Class Members' entitlement to compensation for all hours worked, Defendant violated California Labor Code §1174(d) by failing to provide or require the use, maintenance, or submission of time records by members of the class. Nordstrom also failed to provide the Representative Plaintiff and Class Members with accurate semimonthly itemized statements of the total number of hours worked by each, and all applicable hourly rates in effect, during the pay period, in violation of California Labor Code §226. In failing to provide the required documents, Defendant has not only failed to pay its workers the full amount of compensation due but the company has also, until now, effectively shielded itself from its employees' scrutiny by concealing the magnitude and financial impact of its wrongdoing that such documents might otherwise have led workers to discover.

26. Representative Plaintiff and all persons similarly situated are entitled to unpaid compensation, yet, to date, have not received such compensation despite many of the same having been terminated by and/or resigned from Nordstrom. More than 30 days have passed since certain Class Members have left Defendant's employ.

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

27. As a consequence of Defendant's willful conduct in not paying former employees compensation for all hours worked in a prompt and timely manner, certain Class Members are entitled to up to 30 days wages as a penalty under Labor Code §203, together with attorneys' fees and costs.

28. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and Class Members have sustained damages, as described above, including compensation for loss of earnings for hours worked on behalf of Defendant, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, certain Class Members are entitled to recover "waiting time" penalties (pursuant to California Labor Code §203) and penalties for failure to provide semimonthly statements of hours worked and all applicable hourly rates (pursuant to Labor Code §226) in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and Class Members are also entitled to recover costs and attorneys' fees pursuant to California Labor Code §1194 and/or California Civil Code §1021.5, among other authorities.

29. Representative Plaintiff seeks injunctive relief prohibiting Defendant from engaging in the complained-of illegal labor acts and practices in the future. Representative Plaintiff also seeks restitution of costs incurred by Representative Plaintiff and Class Members under California's Unfair Competition Law. Unless enjoined, Defendant's unlawful conduct will continue unchecked, while Representative Plaintiff and Class Members bear the financial brunt of Defendant's unlawful conduct. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and the Plaintiff Class are also entitled to recover costs and attorneys' fees, pursuant to statute.

30. Plaintiff complied with the procedures for bringing suit specified in California Labor Code § 2699.3, by letter dated November 11, 2011. Plaintiff gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA') and Defendant of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support these violations.

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**FIRST CLAIM FOR RELIEF**
**UNLAWFUL FAILURE TO PAY OVERTIME WAGES**
**(Violation of IWC Wage Order 7 and Labor Code §§ 510, 1194, and 1198)**

31. Representative Plaintiff incorporates in this claim for relief each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

32. During the Class Period, the Representative Plaintiff and the Class Members worked, on many occasions, in excess of 8 hours in a workday and/or 40 hours in a workweek. The precise number of overtime hours will be proven at trial.

33. During the Class Period, Defendant refused to compensate the Representative Plaintiff and Class Members for all of the overtime wages earned, in violation of the applicable IWC Wage Order and provisions of the California Labor Code.

34. Moreover, during said time period, many of the Class Members herein were employed by and thereafter terminated or resigned from their positions with Nordstrom yet were not paid all wages due upon said termination or within 72 hours of said resignation of employment therefrom. Said non-payment of all wages due was the direct and proximate result of a willful refusal to do so by Nordstrom.

35. At all relevant times, Defendant was aware of, and was under a duty to comply with, the overtime provisions of the California Labor Code including, but not limited to, California Labor Code §§510, 1194, and 1198.

36. California Labor Code §510(a), in pertinent part, provides:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee

37. California Labor Code §1194(a), in pertinent part, provides:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

38. California Labor Code §1198, in pertinent part, provides:

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

39. By refusing to compensate the Representative Plaintiff and Class Members for overtime wages earned, Defendant violated those California Labor Code provisions cited herein as well as the applicable IWC Wage Order(s).

40. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the Representative Plaintiff and the Plaintiff Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Nordstrom, in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

## SECOND CLAIM FOR RELIEF
## FAILURE TO PROVIDE MEAL AND REST PERIODS
## (California Labor Code §§ 226.7 and 512)

41. Representative Plaintiff incorporates in this claim for relief each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

42. At all relevant times, Nordstrom was aware of and was under a duty to comply with California Labor Code §226.7 and §512.

43. California Labor Code §226.7 provides:

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
>
> (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

44. Moreover, California Labor Code §512(a) provides:

///

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

45. Sections 11 and 12, respectively, of the applicable IWC Wage Order mandate that employers provide all applicable meal and/or rest periods to non-exempt (including exempt-misclassified) employees.

46. Section 11 of the applicable IWC Wage Order provides:

> (A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes...
>
> (B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes…
>
> (C) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

47. Moreover, Section 12 of the applicable IWC Wage Order provides:

> (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof ....
>
> (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

48. By failing to consistently provide uninterrupted thirty-minute meal periods within the first five hours of work each day and/or uninterrupted net ten-minute rest periods to Representative Plaintiff and the Class Members, Defendant violated the California Labor Code and applicable IWC Wage Order provisions.

49. Representative Plaintiff is informed and believes and, on that basis, alleges that Defendant has never paid the one hour of compensation to any Class Members due to its violations of the California Labor Code and applicable IWC Wage Order provisions.

50. As a direct and proximate result of Nordstrom unlawful conduct, as set forth herein, Representative Plaintiff and Class Members have sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established at trial.

51. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, certain Class Members are entitled to recover "waiting time" and other penalties, in amounts to be established at trial, as well as recovery of attorneys' fees and costs, pursuant to statute.

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**THIRD CLAIM FOR RELIEF**
**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
**(California Labor Code §§ 226 and 1174)**

52. Representative Plaintiff incorporates in this claim for relief each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

53. California Labor Code §226(a) provides:

> Each employer shall semimonthly, or at the time of each payment of wages, furnish each of his or her employees either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized wage statement in writing showing: (1) gross wages earned; (2) total number of hours worked by each employee whose compensation is based on an hourly wage; (3) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (4) net wages earned; (5) the inclusive date of the period for which the employee is paid; (6) the name of the employee and his or her

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

> social security number; and (7) the name and address of the legal entity which is the employer.

54. Moreover, California Labor Code §226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

55. Finally, California Labor Code §1174(d) provides:

> Every person employing labor in this state shall. . . [k]eep, at a central location in the state...payroll records showing the hours worked daily by and the wages paid to...employees.... These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

56. Representative Plaintiff seeks to recover actual damages, costs, and attorneys' fees under these provisions on behalf of themselves and on behalf of all Class Members.

57. Defendant has failed to provide timely, accurate itemized wage statements to the Representative Plaintiff and Class Members in accordance with Labor Code §226. Representative Plaintiff is informed and believes and, on that basis, alleges that none of the statements provided by Defendant accurately reflected actual gross wages earned, net wages earned, or the appropriate deductions of such Class Members.

58. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the Representative Plaintiff and Class Members have sustained damages in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

## FOURTH CLAIM FOR RELIEF
## FAILURE TO PAY WAGES ON TERMINATION
## (California Labor Code § 203)

59. Representative Plaintiff incorporates in this claim for relief each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

60. California Labor Code §203 provides that:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

61. Numerous Class Members were employed by Nordstrom during the class period and were thereafter terminated or resigned from their positions, yet they were not paid all premium (overtime) wages due upon said termination or within 72 hours of said resignation of employment therefrom. Said non-payment was the direct and proximate result of a willful refusal to do so by Nordstrom.

62. More than thirty days has elapsed since certain Class Members were involuntarily terminated or voluntarily resigned from Defendant's employ.

63. As a direct and proximate result of Defendant's willful conduct in failing to pay said Class Members for all hours worked, affected Class Members are entitled to recover "waiting time" penalties of up to thirty days' wages pursuant to Labor Code §203 in an amount to be established at trial, together with interest thereon, and attorneys' fees and costs.

**FIFTH CLAIM FOR RELIEF**
**UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT**
**(California Business & Professions Code §§ 17200-17208)**

64. Representative Plaintiff incorporates in this claim for relief each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

65. Representative Plaintiff further brings this claim for relief seeking equitable and statutory relief to stop Defendant's misconduct, as complained of herein, and to seek restitution of the amounts Defendant acquired through the unfair, unlawful, and fraudulent business practices described herein.

66. Defendant's knowing conduct, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§17200-

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

17208. Specifically, Defendant conducted business activities while failing to comply with the legal mandates cited herein.

67. Defendant has clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to the Representative Plaintiff and to Class Members herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its responsible competitors and as set forth in legislation and the judicial record.

**SIXTH CAUSE OF ACTION**
**PRIVATE ATTORNEYS GENERAL ACT CLAIMS**
**(California Labor Code §§ 2699)**

68. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

69. California Labor Code § 2699(a) states:

> Notwithstanding any other provision of the law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of herself or herself and other current or former employees...

70. Plaintiff (and each and every other Class Member) is an "aggrieved employee," as defined by California Labor Code § 2699(c), because he was employed by Defendant and was one of many employees against whom violations of law were committed.

71. Plaintiff has met and/or will meet all of the requirements set forth in California Labor Code § 2699.3 necessary to maintain a civil action against Defendants for violations of (and/or recovery under) California Labor Code §§ 200-204, inclusive, 226, 226.7, 510, 512, 1174, 1194, 1194.2, 1197, and/or 1198.

72. Plaintiff brings this action on behalf of himself and all Class Members alleging violations of the California Labor Code sections cited in the preceding paragraph.

73. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

74. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and Class Members are entitled to recover various penalties as provided by California Labor Code § 2699 in an amount to be established at trial, as well as costs and attorneys' fees, pursuant to statute.

## RELIEF SOUGHT

1. **WHEREFORE, the Representative Plaintiff**, on behalf of herself and the proposed Plaintiff Class, pray for judgment and the following specific relief against Defendants, and each of them, jointly and separately, as follows:

2. That the Court declare, adjudge, and decree that this action is a proper class action and certify the proposed Class and/or any other appropriate subclasses under Rule 23 of the Federal Rules of Civil Procedure;

3. That the Court declare, adjudge and decree that Defendant violated the overtime provisions of the California Labor Code and the applicable California Industrial Welfare Commission Wage Order as to the Representative Plaintiff and Class Members;

4. That the Court declare, adjudge, and decree that Defendant willfully violated its legal duties to pay overtime under the California Labor Code and the applicable California Industrial Welfare Commission Wage Orders;

5. That the Court make an award to the Representative Plaintiff and the Class Members of one hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

6. That the Court make an award to the Representative Plaintiff and the Class Members of one hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

7. That the Court declare, adjudge, and decree that the Representative Plaintiff and Class Members were, at all times relevant hereto, and are still, entitled to be paid overtime for work beyond 8 hours in a day and 40 in a week;

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

8. That the Court make an award to the Representative Plaintiff and Class Members of damages and/or restitution for the amount of unpaid overtime compensation, including interest thereon, and penalties in an amount to be proven at trial;

9. That the Court order Defendant to pay restitution to the Representative Plaintiff and the Class Members due to Defendant's unlawful activities, pursuant to California Business and Professions Code §§17200-17208;

10. That the Court further enjoin Defendant, ordering it to cease and desist from unlawful activities in violation of California Business and Professions Code §17200, *et seq.*

11. For all other Orders, findings and determinations identified and sought in this Complaint;

12. For interest on the amount of any and all economic losses, at the prevailing legal rate;

13. For reasonable attorneys' fees, pursuant to California Labor Code §1194 and/or California Code of Civil Procedure §1021.5; and;

14. For costs of suit and any and all such other relief as the Court deems just and proper.

Dated: December , 2011

**SCOTT COLE & ASSOCIATES, APC**

By: /s/ Hannah R. Salassi, Esq.
Hannah R. Salassi, Esq.
Attorneys for Representative Plaintiffs and the Plaintiff Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**JURY DEMAND**

Plaintiffs and the Plaintiff Class hereby demand trial by jury of all issues triable as of right by jury.

Dated: December , 2011

**SCOTT COLE & ASSOCIATES, APC**

By: /s/ Hannah R. Salassi, Esq.
Hannah R. Salassi, Esq.
Attorneys for Representative Plaintiffs and the Plaintiff Class