IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAINE DAVIS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>NORDSTROM, INC.,<br><br>    Defendant.<br>_____/ | No. C 11-3956 CW<br><br>ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED SUR-REPLY AND MODIFYING FURTHER BRIEFING SCHEDULE FOR DEFENDANT'S MOTION TO COMPEL ARBITRATION |

On December 22, 2011, the Court granted Plaintiff Faine Davis's motion to file a sur-reply in connection with Defendant Nordstrom, Inc.'s motion to compel arbitration during the hearing held on that day and set forth a supplemental briefing schedule. As required by the briefing schedule, Plaintiff filed her sur-reply on January 5, 2011. After reviewing Plaintiff's filing, the Court modifies the supplemental briefing schedule and directs Plaintiff to file an amended sur-reply, in which she addresses the matters specified below.

Defendant shall file properly authenticated copies of the June 2011 dispute resolution policy and the corresponding policy that was in effect in December 2010 when Plaintiff originally filed a lawsuit against Defendant, including any attachments thereto, and declarations regarding verbal advisements. Defendant shall file these documents by Thursday, January 12, 2012.

Plaintiff shall file a amended sur-reply of fifteen pages or less by Thursday, January 19, 2012. Defendant may file an

response to Plaintiff's amended sur-reply of fifteen pages or less by Thursday, January 26, 2012. Plaintiff may file a reply to Defendant's response of seven pages or less by Thursday, February 2, 2012. In their supplemental briefs, the parties shall address the validity and unconscionability of the retroactive application of the arbitration agreement to Plaintiff's already pending case against Defendant, and may include other arguments not previously briefed.

The Court directs the parties' attention to several cases, statutes and items in the record and asks the parties to consider them in preparing their supplemental briefing:

(1) The 2009 dispute resolution policy Plaintiff submitted in connection with her motion for leave to file a sur-reply states in part, "Nordstrom will provide 30 days written notice of substantive changes. This notice is to allow employees time to consider the changes and whether or not to continue employment subject to the changes," Davis Decl., Ex. B, at 55. The August 2011 iteration of this policy provided by Defendant does not appear to include this language. Doctor Decl., Ex. A.

(2) Title 9, section 2 of the United States Code states in part that "an agreement in writing to submit to arbitration an existing controversy arising out of such a contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract").

(3) Long v. Fidelity Water Systems, Inc., 2000 U.S. Dist. LEXIS 7827 (N.D. Cal.) (Whyte, J.) (addressing the application of an arbitration clause added after litigation commenced).

2

   (4)   Laster v. T-Mobile USA, Inc., 2008 U.S. Dist. LEXIS 103712, at *17-20 (S.D. Cal.), rev'd on other grounds, 131 S. Ct. 1740 (considering the enforceability of revisions to arbitration provisions made after litigation has begun).

   IT IS SO ORDERED.

Dated: 1/6/2012

CLAUDIA WILKEN
United States District Judge