IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAINE DAVIS,<br><br>    Plaintiff,<br><br>  v.<br><br>NORDSTROM, INC.,<br><br>    Defendants.<br>_____/ | No. C 11-3956 CW<br><br>ORDER ADDRESSING THE NINTH CIRCUIT'S OPINION ON APPEAL AND SETTING DEADLINE FOR ACTION BY PLAINTIFF |

Plaintiff Faine Davis filed this case on behalf of herself and a putative class of salaried Department Managers employed by Defendant Nordstrom, Inc., alleging Nordstrom failed to provide overtime compensation, meal and rest periods, accurate itemized wage statements, and timely distribution of wages upon termination. Nordstrom moved to compel arbitration based on a provision of the employment contract; on September 27, 2012, this Court denied that motion. Docket No. 52. Nordstrom appealed. On June 23, 2014, the Ninth Circuit reversed this Court's decision and remanded for further proceedings. Docket No. 63. The Ninth Circuit issued its mandate on July 16, 2014. Docket No. 64.

A brief summary of the motion's factual background is provided here. After Concepcion v. AT&T, 563 U.S. 321 (2011), Nordstrom changed its employee handbook to require arbitration of disputes on an individual basis and bar employees from bringing most class action lawsuits. Docket No. 63 at 3-5. This Court ruled that Nordstrom's purported policy change was not valid because it did not comply with the requirement that the employer

provide a thirty-day notice and grace period to its employees, instead making the new policy immediately applicable. Id. at 8. The Ninth Circuit disagreed, holding that while Nordstrom's "communications with its employees were not the model of clarity," it satisfied the minimum requirements under California law by informing its employees of the modification and not seeking to enforce the arbitration provision during the thirty-day notice period. Id. at 9. However, the Ninth Circuit explicitly refused to consider the issue of whether the arbitration agreement was unconscionable under Gentry v. Superior Court, 42 Cal. 4th 443 (Cal. 2007). Id. at 10. The Ninth Circuit noted that, although the issue was briefed at the district court level, the district court did not reach it. Id. In Gentry, the California Supreme Court concluded that employees had certain unwaiveable rights, such as to overtime compensation, and that to preclude an employee from seeking to vindicate those rights in court would be equivalent to a waiver of those rights. Gentry, 42 Cal. 4th at 456-57. Gentry was based on the California Supreme Court's earlier decision in Discover Bank v. Superior Court, 30 Cal. 4th 148 (2005), which was abrogated by the United States Supreme Court in Concepcion. See Concepcion, 131 S.Ct. at 1746-48, 1753. Because at the time of the writing of the Ninth Circuit's opinion, the California Supreme Court was currently considering in Iskanian v. CLS Transp. of Los Angeles, LLC, No. S204032 (Cal. petition granted Sept. 19, 2012) the issue of whether Gentry remains valid, the Ninth Circuit declined to consider whether Nordstrom's arbitration provision was unconscionable under the unsettled California law.

On the same day as the Ninth Circuit's opinion in this case, the California Supreme Court published its decision in <u>Iskanian v. CLS Transp. of Los Angeles, LLC</u>, the California Supreme Court case on unconsionability to which the Ninth Circuit wished to defer. In its opinion, the California Supreme Court considered whether <u>Gentry</u>'s holding -- that a class action waiver and arbitration agreement in an employment contract would be unenforceable when, after considering several factors, the court determines that a class arbitration is likely to be a significantly more effective practical means of vindicating the rights of employees than individual dispute resolution -- remained viable after <u>Concepcion</u>. <u>Iskanian v. CLS Transp. of Los Angeles, LLC</u>, 59 Cal. 4th 348, 2014 WL 2808963, at *3 (citing <u>Gentry</u>, 42 Cal. 4th at 450).  In <u>Concepcion,</u> the United States Supreme Court overruled the California Supreme Court's holding in <u>Discover Bank</u> that a class arbitration waiver in a consumer contract of adhesion, where small amounts of damages are involved, and where one party has superior bargaining power and carries out a scheme to deliberately cheat large numbers of consumers out of small sums, is unenforceable under California law.  <u>Id.</u> (quoting <u>Discover Bank</u>, 36 Cal. 4th at 162-63).  The United States Supreme Court overruled <u>Discover Bank</u> because "requiring the availability of classwide arbitration interferes with the fundamental attributes of arbitration and thus creates a scheme inconsistent with" the Federal Arbitration Act (FAA).  <u>Concepcion</u>, 131 S.Ct. at 1751.  Even though <u>Gentry</u>'s holding was not a categorical rule against class action waivers, it rested upon the same premise as <u>Discover Bank</u> (a class action waiver would undermine the vindication of employees' unwaiveable

3

1  statutory rights), and so it too was overruled by Concepcion.
2  Iskanian, 2014 WL 2808963, at *14.  The holding in Gentry also
3  "interferes with the fundamental attributes of arbitration even if
4  it is undesirable for unrelated reasons."  Id.  In essence, the
5  California Supreme Court recognized that the FAA preempts
6  California law refusing to enforce waivers of certain individual
7  "unwaiveable" rights (such as meal and rest break periods) because
8  they are unconscionable.  Id.

9      On the issue of PAGA claims, however, the California Supreme
10 Court reached a different conclusion.  Unlike a dispute involving
11 individual rights and obligations, a PAGA representative action is
12 a "qui tam" action in which a citizen may seek to vindicate a
13 statutory violation, yielding a penalty on behalf of a government
14 entity, which is the "real party in interest in the suit."  Id. at
15 *19.  Under PAGA, a portion of the penalty may be distributed to
16 all employees afflicted by the violation.  Id.  Because PAGA
17 involves public rights, it is outside of the reach of the FAA in
18 that it does not frustrate the FAA's objectives to provide an
19 efficient forum for the resolution of private disputes.  Id. at
20 *21.  Accordingly, where "an employment agreement compels the
21 waiver of representative claims under the PAGA, it is contrary to
22 public policy and unenforceable as a matter of state law."  Id.

23     In the present case, Davis' claims were not brought under
24 PAGA.  Her claims instead seek to vindicate her and other class
25 members' individual rights for overtime pay, missed meal and rest
26 periods, and other penalties.  These claims cannot be litigated in
27 the district court because they are subject to Nordstrom's
28 arbitration provision, which the Ninth Circuit found to be

4

properly noticed and adopted. Due to the California Supreme Court's holding in Iskanian, the Court cannot find the arbitration provision unenforceable as unconscionable regarding these claims because such a request would be preempted by the FAA.

Davis could, however, amend her complaint to vindicate the alleged violations by Nordstrom pursuant to PAGA. Accordingly, Davis has twenty-eight days from the issuance of this order to file an amended complaint to assert claims under PAGA, if she wishes to do so. Otherwise, the Court will order arbitration and dismiss the case, retaining jurisdiction only to enforce the award.

IT IS SO ORDERED.

Dated: 8/5/2014

CLAUDIA WILKEN
United States District Judge